**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| **MICHAEL THIELEN** | ) | |
|              **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. _____** |
| | ) | |
| **AMANDA SIMMONS, C.R. ENGLAND,** | ) | |
| **INC., and WEST BEND MUTUAL** | ) | |
| **INSURANCE COMPANY** | ) | |
|              **Defendants.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Amanda Simmons ("Ms. Simmons") and C.R. England, Inc. ("C.R. England") (collectively "Defendants") file this Notice of Removal.  As grounds for removal, Defendants state as follows:

1.      Defendants are defendants in a civil action pending in the Iowa District Court for Polk County entitled Michael Thielen vs. Amanda Simmons, C.R. England, Inc., and West Bend Mutual Insurance Company, LACL149317 (the "State Court Action").

2.      The State Court Action was commenced on December 6, 2020. C.R. England was served with notice of the State Court Action on December 11, 2020.  Ms. Simmons became aware of the State Court Action on January 4, 2021.  As such, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is within 30 days of receipt of the initial pleading setting forth the claim for relief.

3.      Co-Defendant West Bend Mutual Insurance Company consents to this removal.

4.      The State Court Petition includes claims for relief under state law, and the State Court Action is a civil action that is properly removable to this Court by Defendants.

5.      This Court has original jurisdiction over this matter under 28 U.S.C. § 1332

because there is complete diversity of citizenship between the parties in this matter and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Defendants state the following pursuant to LR 81(a)(3):

     a.    While the State Court Petition does not specify the precise amount in controversy, Plaintiff made a pre-suit demand in excess of $75,000, which was declined, and the State Court Action was not filed under IOWA R. CIV. P. 1.281 (providing expedited procedures for cases with damages not exceeding $75,000) and the Petition asserts an underinsured motorist claim, indicating that, although disputed, Plaintiff is seeking an amount in excess of $75,000, exclusive of interest and costs.

     b.    Regarding the Plaintiff's citizenship, the Petition in the State Court Action alleges at ¶ 1 that Plaintiff Michael Thielen is a resident of Polk County, Iowa.

     c.    Regarding Defendant Ms. Simmons' citizenship, she domiciled in and a resident of Vermilion County, Illinois.

     d.    Regarding Defendant C.R. England's citizenship, it is incorporated in the state of Utah and its principle place of business is in Salt Lake City, Utah.

     e.    Regarding Defendant West Bend, it is incorporated in the state of Wisconsin and its principle place of business is in West Bend, Wisconsin.

6.    Defendants hereby remove this action to the United States District Court for the Southern District of Iowa, Central Division.  Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the place where the State Court Action is pending.

7.    Pursuant to Local Rule 81, Defendants file contemporaneously with this Notice of Removal:  (1) copies of all process, pleadings, orders, and other papers filed in the state court;

(2) a list of all matters pending in the state court that will require resolution by this Court; (3) the names of counsel and law firms that have appeared in the state court, with their office addresses, telephone numbers, facsimile numbers, e-mail addresses (if available), and the names of the parties they represent; and (4) an original and one copy of a properly completed civil cover sheet.

8.      Defendants will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

9.      Defendants will promptly file a copy of this Notice of Removal with the Clerk of the District Court of the State of Iowa, Polk County, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Amanda Simmons, C.R. England and West Bend hereby remove the action entitled *Michael Thielen vs. Amanda Simmons, C.R. England, Inc., and West Bend Mutual Insurance Company*, LACL149317, in the Iowa District Court for Polk County, to the United States District Court for the Southern District of Iowa, Central Division.

/s/ *Philip A. Burian*
PHILIP A. BURIAN AT0001284
*Simmons Perrine Moyer Bergman PLC*
115 Third Street SE, Suite 1200
Cedar Rapids, IA  52401
Phone: 319-366-7641
Facsimile: 319-366-1917
pburian@simmonsperrine.com

ATTORNEY FOR DEFENDANT AMANDA
SIMMONS AND C.R. ENGLAND, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021. I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following counsel of record for Plaintiff:

Nathaniel Staudt, nate.staudt@sslawplc.com
Nicholas L. Shaull, nick.shaull@sslawplc.com
Kent A. Gummert, kgummert@lwclawyers.com

*/s/ Philip A. Burian*
Philip A. Burian

JS 44  (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1  U.S. Government
      Plaintiff

❏ 2  U.S. Government
      Defendant

❏ 3  Federal Question
      (U.S. Government Not a Party)

❏ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | of Property 21 USC 881 | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | ❏ 690 Other | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | Protection Act |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | Exchange |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 895 Freedom of Information |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | ❏ 899 Administrative Procedure |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | Act/Review or Appeal of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | State Statutes |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN (Place an "X" in One Box Only)

❏ 1  Original
      Proceeding

❏ 2  Removed from
      State Court

❏ 3  Remanded from
      Appellate Court

❏ 4  Reinstated or
      Reopened

❏ 5  Transferred from
      Another District
      (specify)

❏ 6  Multidistrict
      Litigation -
      Transfer

❏ 8  Multidistrict
      Litigation -
      Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
_____

Brief description of cause:

## VII.  REQUESTED IN
COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:        ❏ Yes    ❏No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE _____        DOCKET NUMBER _____

DATE _____        SIGNATURE OF ATTORNEY OF RECORD _____

### FOR OFFICE USE ONLY

RECEIPT # _____        AMOUNT _____        APPLYING IFP _____        JUDGE _____        MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| **MICHAEL THIELEN** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. _____** |
| | ) | |
| **AMANDA SIMMONS, C.R. ENGLAND,** | ) | |
| **INC., and WEST BEND MUTUAL** | ) | |
| **INSURANCE COMPANY** | ) | |
| **Defendants.** | ) | |

**L.R. 81 FILING**

Pursuant to L.R. 81, Defendants Amanda Simmons ("Ms. Simmons") and C.R. England, Inc. ("C.R. England") provide the following:

1.     **Copies of all process, pleadings and orders filed in the state case.**

The following attached documents are the only such items known to Defendant:

    a.   Petition at Law and Jury Demand (filed 12/06/20)

    b.   Original Notice to Defendants (filed 12/06/20)

    c.   Acceptance of Service for West Bend (filed 12/10/20)

    d.   Notice of Non-Resident Service on C.R England (filed 12/20/20)

    e.   Appearance of Counsel for Amanda Simmons and C.R. England (filed 12/28/20)

    f.   Answer, Affirmative Defense, and Jury Demand of West Bend (filed 12/28/20)

    g.   Notice of Serving of Initial Disclosures (filed 1/4/21)

2.     **All matters pending in the state court that will require resolution in this court.**

None.

3.    Names of all counsel and law firms that have appeared in the state court.

Counsel for Plaintiff
Michael Theilen
Nicholas L. Shaull
Nathaniel D. Staudt
2423 Ingersoll Avenue
Des Moines, IA 50312
Ph:  515-277-6559
Fax:  515-277-7536
nick.shaull@sslawplc.com
nate.staudt@sslawplc.com

Counsel for Defendants C.R. England
and Amanda Simmons
Philip A. Burian
*Simmons Perrine Moyer Bergman
PLC*
115 Third Street SE, Suite 1200
Cedar Rapids, IA  52401
Ph: 319-366-7641
Fax: 319-366-1917
pburian@simmonsperrine.com

Counsel for Defendant West Bend
Mutual Insurance Company
Kent A. Gummert
4401 Westown Parkway, Suite 212
West Des Moines, IA 50266
Ph:  515-224-3911
Fax:  515-224-2698
kgummert@lwclawyers.com

*/s/ Philip A. Burian*
PHILIP A. BURIAN AT0001284
*Simmons Perrine Moyer Bergman PLC*
115 Third Street SE, Suite 1200
Cedar Rapids, IA  52401
Phone: 319-366-7641
Facsimile: 319-366-1917
pburian@simmonsperrine.com

ATTORNEYS FOR DEFENDANTS
AMANDA SIMMONS AND C.R. ENGLAND

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2021. I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following counsel of record for Plaintiff:

Nathaniel Staudt, nate.staudt@sslawplc.com
Nicholas L. Shaull, nick.shaull@sslawplc.com
Kent A. Gummert, kgummert@lwclawyers.com


*/s/ Philip A. Burian*
Philip A. Burian

E-FILED 2020 DEC 06 10:14 PM POLK - CLERK OF DISTRICT COURT

Salt Lake County Sheriff's Office
Rosie Rivera, Sheriff
Civil Services Division
385-468-9758

# IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MICHAEL THIELEN, <br><br> Plaintiff, <br><br> v. <br><br> AMANDA SIMMONS, C.R. ENGLAND, INC., and WEST BEND MUTUAL INSURANCE COMPANY, <br><br> Defendants. | Served by Deputy _____ <br> On 12/15, 20 20 at _____ Case No. LACL149317 <br> Served at 15 W South Temple St #600 <br> Manner of Service _____ <br> Signed _____ <br><br><br> **ORIGINAL NOTICE** |

## TO THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the clerk of the above court a Petition at Law naming you as a Defendant in the above-entitled action, a copy of the Petition at Law and Jury Demand is attached hereto. The Plaintiff's attorneys are Nicholas L. Shaull and Nathaniel D. Staudt of Spaulding & Shaull, P.L.C. whose address is 2423 Ingersoll Avenue, Des Moines, Iowa 50312. The attorneys' phone number is (515) 277-6559 and facsimile number is (515) 277-7536.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter, file a motion or answer in the Iowa District Court for Polk County, at the courthouse in Des Moines, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

_____

**CLERK OF THE ABOVE COURT**
Polk County Courthouse
500 Mulberry Street
Des Moines, Iowa 50309

**IMPORTANT:** You are advised to seek legal advice to protect your interests.

Page 1 of 1

# STATE OF IOWA JUDICIARY

| | |
|---|---|
| *Case No.* | LACL149317 |
| *County* | Polk |

*Case Title* **MICHAEL THIELEN VS AMANDA SIMMONS ET AL**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* **12/07/2020 04:00:48 PM**



*District Clerk of* Polk       *County*

**/s/ Jennifer Ewers**

E-FILED 2020 DEC 06 10:14 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MICHAEL THIELEN, | Case No. __LACL149317__ |
| Plaintiff, | |
| v. | |
| AMANDA SIMMONS, C.R. ENGLAND, INC., and WEST BEND MUTUAL INSURANCE COMPANY, | **JURY DEMAND** |
| Defendants. | |

**COMES NOW**, the Plaintiff, by and through the undersigned, and hereby requests a trial by jury in the above-captioned matter.

Respectfully submitted,

SPAULDING & SHAULL, P.L.C.

/s/  *Nathaniel D. Staudt*
Nicholas L. Shaull, AT0010096
Nathaniel D. Staudt, AT0013844
2423 Ingersoll Avenue
Des Moines, Iowa 50312
Phone: (515) 277-6559
Fax: (515) 277-7536
Email: nick.shaull@sslawplc.com
Email: nate.staudt@sslawplc.com
**ATTORNEYS FOR PLAINTIFF**

Original filed electronically.

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MICHAEL THIELEN,<br><br>    Plaintiff,<br><br>v.<br><br>AMANDA SIMMONS, C.R. ENGLAND, INC., and WEST BEND MUTUAL INSURANCE COMPANY,<br><br>    Defendants. | Case No.   LACL149317<br><br><br><br><br>**PETITION AT LAW** |

**COMES NOW**, the Plaintiff, by and through the undersigned, and for his Petition at Law, hereby states the following:

### PARTIES, VENUE, AND JURISDICTION

1. At all times material hereto, Plaintiff Michael Thielen (hereinafter, "Plaintiff") was an individual and resident of Polk County, Iowa.

2. At all times material hereto, Defendant Amanda Simmons (hereinafter, "Defendant Simmons") was an individual operating a semi-truck and trailer in Polk County, Iowa.

3. At all times material hereto, Defendant C.R. England, Inc. (hereinafter, "Defendant C.R. England") was a business entity registered with the Utah Secretary of State to conduct business in the State of Utah.

4. At all times material hereto, Defendant C.R. England was a business entity conducting business in the State of Iowa.

5. At all times material hereto, Defendant West Bend Mutual Insurance Company (hereinafter, "Defendant West Bend") was a business entity registered with the Iowa

Insurance Division and Iowa Secretary of State, located in Des Moines, Polk County, Iowa, to conduct the business of insurance within the State of Iowa.

6. The allegations which gave rise to this lawsuit occurred in Polk County, Iowa.

7. The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Polk County.

### FACTS COMMON TO ALL ACCOUNTS

8. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

9. At all times material hereto, Interstate 35/80 in Des Moines, Polk County, Iowa had three (3) traffic lanes: a left lane, center lane, and right lane.

10. At all times material hereto, Interstate 35/80 in Des Moines, Polk County, Iowa also had an acceleration lane that extended from the E. 14th Street entrance ramp and continued down and to the right of the right traffic lane, eventually merging with the right traffic lane.

11. On or about the early morning hours of January 15, 2020, Plaintiff was operating a 2013 Toyota Corolla that was traveling west on Interstate 35/80 in Des Moines, Polk County, Iowa.

12. At said time and place, Defendant Simmons was operating a semi-truck and trailer that was also traveling west on Interstate 35/80 in Des Moines, Polk County, Iowa.

13. At said time and place, Defendant C.R. England was the owner of the semi-truck and trailer being operated by Defendant Simmons.

14. At said time and place, Defendant Simmons had the consent of Defendant C.R. England to operate her semi-truck and trailer.

15. At said time and place, Defendant Simmons was operating her semi-truck and trailer in the course and scope of her employment with Defendant C.R. England.

16. At said time and place, Plaintiff was traveling in the acceleration lane of Interstate 35/80, having recently exited the E. 14th Street entrance ramp.

17. At said time and place, Defendant Simmons was traveling in the center traffic lane of Interstate 35/80.

18. At said time and place, there was water and ice present on the surface of Interstate 35/80.

19. At said time and place, Interstate 35/80 was wet and slippery from the water and ice.

20. At said time and place, an overturned semi-truck and trailer, having lost control and tipped over, laid on its side and at an angle on Interstate 35/80.

21. At said time and place, the overturned semi-truck and trailer was blocking the right and center traffic lanes of Interstate 35/80.

22. At said time and place, Plaintiff and Defendant Simmons proceeded west on Interstate 35/80 toward the overturned semi-truck and trailer.

23. At said time and place, Defendant Simmons was traveling too fast for the road conditions causing her semi-truck and trailer to slide on the wet and slippery road.

24. At said time and place, Defendant Simmons applied her brakes in an attempt to slow her semi-truck and trailer causing her semi-truck and trailer to slide on the wet and slippery road.

25. At said time and place, Defendant Simmons' trailer fishtailed and swung out and to the right, cutting through the right traffic lane and into the acceleration lane.

26. At said time and place, Defendant Simmons' semi-truck and trailer slid on the wet and slippery road, sliding down Interstate 35/80 with Defendant Simmons' trailer at a near 45-degree angle to the right.

27. At said time and place, Defendant Simmons' trailer continued to cut through the right traffic lane and into the acceleration lane.

28. At said time and place, Defendant Simmons' trailer violently collided with the left side of Plaintiff's Toyota Corolla.

29. At said time and place, Defendant Simmons' semi-truck and trailer continued to slide west down Interstate 35/80 with her trailer still at a near 45-degree angle to the right.

30. At said time and place, Defendant Simmons' trailer violently collided with a second motor vehicle in the acceleration lane of Interstate 35/80; this second collision ultimately straightened out Defendant Simmons' trailer.

31. At said time and place, Defendant Simmons regained control of her semi-truck and trailer, drove around the overturned semi-truck and trailer in the road, and brought her semi-truck and trailer to a stop on the right side of the road.

32. At said time and place, Defendant Simmons exited her semi-truck and walked around to the right side of her trailer with a flashlight.

33. At said time and place, Defendant Simmons examined the rear, right side of her trailer with her flashlight.

34. At said time and place, Defendant Simmons walked back around to the driver's side door of her semi-truck.

35. At said time and place, Defendant Simmons climbed back into her semi-truck and fled the scene of the collisions.

36. Prior to fleeing the scene of the collisions, Defendant Simmons failed to speak to anyone at the scene of the collisions.

37. Prior to fleeing the scene of the collisions, Defendant Simmons failed to provide her contact information to anyone at the scene of the collisions.

38. Prior to fleeing the scene of the collisions, Defendant Simmons failed to check if Plaintiff or the driver of the second motor vehicle had been injured.

39. Plaintiff suffered significant physical, mental, and emotional injuries as a result of the motor vehicle collision.

## COUNT I: NEGLIGENCE
### (Against Defendant Simmons)

40. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Defendant Simmons had a duty to use reasonable care in the operation of her semi-truck and trailer.

42. Defendant Simmons breached the aforesaid duty and was negligent in one or more of the following particulars:

   a.  In failing to keep a proper lookout;

   b.  In failing to sound a warning;

   c.  In failing to maintain control of her semi-truck and trailer;

   d.  In failing to yield to Plaintiff's vehicle;

   e.  In failing to maintain a reasonable and proper speed;

   f.  In failing to use ordinary care where conditions require less than statutory speed;

   g.  In failing to maintain a proper and clear distance from Plaintiff's vehicle;

E-FILED  2020 DEC 06 10:14 PM POLK - CLERK OF DISTRICT COURT

    h.  In failing to stop within a safe and assured clear distance from Plaintiff's vehicle;

    i.  In failing to keep her semi-truck and trailer within the traffic lane she was traveling;

    j.  In failing to obey state and local laws and rules of the road concerning the safe operation of a semi-truck and trailer; and

    k.  In failing to act as a reasonably prudent person under the same or similar circumstances.

43. Defendant Simmons' aforesaid negligence was a proximate cause of the above-described collision and of the injuries and damages sustained by Plaintiff.

44. As a result of the foregoing, Plaintiff sustained multiple injuries to his body and extremities, the full and complete extent of which remain unknown.

45. As a result of Defendant Simmons' negligent acts and omissions, Plaintiff has suffered and will continue to suffer the following harms and losses:

    a.  Past medical expenses;

    b.  Future medical expenses;

    c.  Past physical, mental, and emotional pain and suffering;

    d.  Future physical, mental, and emotional pain and suffering;

    e.  Past extreme and severe emotional distress;

    f.  Future extreme and severe emotional distress;

    g.  Past loss of function and full use of his body;

    h.  Future loss of function and full use of his body;

    i.  Past loss of income;

    j.   Future loss of income; and

    k.   Any other element of damages allowable under Iowa law not specifically set forth herein.

46. Defendant Simmons' aforesaid acts were committed with willful, wanton, and reckless disregard for Plaintiff's rights, as well as his physical, mental, and emotional safety and well-being, warranting an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendant Simmons in an amount which will fully and fairly compensate Plaintiff for the injuries and damages he has sustained, together with interest as provided by law and for the costs of this action, as well as punitive damages.

### COUNT II: VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
### (Against Defendant C.R. England, Inc.)

47. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

48. On or about the early morning hours of January 15, 2020, Plaintiff sustained injuries and damages that were proximately caused by the actions and/or omissions of Defendant Simmons.

49. On or about the early morning hours of January 15, 2020, Defendant Simmons was acting as an agent, officer, and/or employee, and with actual authority of Defendant C.R. England.

50. On or about the early morning hours of January 15, 2020, Defendant Simmons was acting as an agent, officer, and/or employee, and with apparent authority of Defendant C.R. England.

51. On or about the early morning hours of January 15, 2020, Defendant Simmons' actions and/or omissions arose in and out of the course and scope of her employment with Defendant C.R. England.

52. Defendant C.R. England is liable for actions and/or omissions of Defendant Simmons resulting in the injuries and damages to Plaintiff.

53. Defendant C.R. England is liable for the actions and/or omissions of Defendant Simmons under the legal principles of imputed negligence, vicarious liability, and/or respondeat superior.

**WHEREFORE,** Plaintiff respectfully requests the Court enter judgment against Defendant C.R. England in an amount which will fully and fairly compensate Plaintiff for the injuries and damages he has sustained, together with interest as provided by law and for the costs of this action, as well as punitive damages.

### COUNT III: STATUTORY OWNERSHIP LIABILITY
### PURSUANT TO IOWA CODE § 321.493
### (Against Defendant C.R. England, Inc.)

54. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

55. Defendant C.R. England was the owner of the semi-truck and trailer being operated by Defendant Simmons on or about the early morning hours of January 15, 2020.

56. Defendant Simmons had the consent of C.R. England to operate said semi-truck and trailer on or about the early morning hours of January 15, 2020.

57. The motor vehicle collision which occurred on or about the early morning hours of January 15, 2020 was caused by the negligence of Defendant Simmons.

58. Pursuant to Iowa Code § 321.493(2)(a), Defendant C.R. England is liable for the damages suffered by Plaintiff due to the negligence of Defendant Simmons.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendant C.R. England in an amount which will fully and fairly compensate Plaintiff for the injuries and damages he has sustained, together with interest as provided by law and for the costs of this action, as well as punitive damages.

## COUNT IV: UNINSURED/UNDERINSURED (UM/UIM) CLAIM
### (Against Defendant West Bend Mutual Insurance Company)

59. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

60. Plaintiff had UM/UIM automobile coverage on or about the early morning hours of January 15, 2020, the date of said collision, through Defendant West Bend.

61. Plaintiff had UM/UIM automobile coverage on or about the early morning hours of January 15, 2020, the date of said collision, through Defendant West Bend, policy number: HHI7164002-02.

62. Plaintiff suffered injuries and damages through no fault of his own as a result of the motor vehicle collision that occurred on or about the early morning hours of January 15, 2020.

63. Plaintiff is entitled to UM/UIM coverage from Defendant West Bend for those injuries and damages he sustained or those exceeding the policy limits of all other Defendants.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant West Bend in an amount which will fully and fairly compensate Plaintiff for the injuries and damages he has sustained or those damages exceeding the policy limits of all other Defendants, together with interest as provided by law and for the costs of this action.

E-FILED  2020 DEC 08 10:14 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

SPAULDING & SHAULL, P.L.C.

_/s/ Nathaniel D. Staudt_
Nicholas L. Shaull, AT0010096
Nathaniel D. Staudt, AT0013844
2423 Ingersoll Avenue
Des Moines, Iowa 50312
Phone: (515) 277-6559
Fax: (515) 277-7536
Email: nick.shaull@sslawplc.com
Email: nate.staudt@sslawplc.com
**ATTORNEYS FOR PLAINTIFF**

Original filed electronically.

E-FILED 2020 DEC 10 9:21 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

Case Number: LACL149317

| | |
|---|---|
| MICHAEL THIELEN,<br>Plaintiff(s),<br><br>v.<br><br>AMANDA SIMMONS, C.R. ENGLAND, INC.,<br>and WEST BEND MUTUAL INSURANCE<br>COMPANY,<br>Defendant(s), | ACCEPTANCE OF SERVICE |

Service of the foregoing, ORIGINAL NOTICE, PETITION ET AL, is hereby accepted as provided by the law for WEST BEND MUTUAL INSURANCE COMPANY, defendant named herein, the 10th of December, 2020.

Commissioner of Insurance

Doug Ommen

# OUT OF STATE AFFIDAVIT
## RETURN ON Original Notice, Petition at Law, and Jury Demand

| | | |
|---|---|---|
| **STATE OF UTAH** | ) | |
| | ) | **ss.  SHERIFF'S OFFICE** |
| **COUNTY OF SALT LAKE** | ) | |

I, Officer Boughn, being first duly sworn, on oath deposes and says:

That I am a citizen of the United States over the age of twenty-one years at the time of service herein, and not a party to this action.

That I received the hereto annexed Original Notice on the 11th of December 2020, and served the same upon the within named defendant CR England, Inc., personally known to me to be the defendant mentioned in the within Original Notice by delivering to Wendy Phippen-Receptionist for Registered Agent, for the said defendant CR England, Inc.at 15 W South Temple St. #600, in Salt Lake City, Salt Lake County, State of Utah, a true copy of said Original Notice on the 15th of December 2020, at together with copies of Petition at Law, and Jury Demand.

That I further certify that at the time of service, on the copy served I endorsed the date and place of service, and added my name thereto.

**ROSIE RIVERA,** Sheriff of Salt Lake County, State of Utah

Dated at Salt Lake City, Utah, December 16, 2020
Subscribed and sworn to before me, December 16, 2020

By _____
Police Officer

Docket #20-11299
Processed by: KJ8
SHERIFF' FEES:

By _____
Notary Public residing in Salt Lake City, Utah

| | |
|---|---|
| Service | $20.00 |
| Mileage | $17.50 |
| Notary | $10.00 |
| Total | $47.50 |

BECKIE RASMUSSEN
Notary Public  State of Utah
My Commission Expires on:
December 12, 2023
Comm. Number: 709644

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MICHAEL THIELEN, <br><br> Plaintiff, <br><br> v. <br><br> AMANDA SIMMONS, C.R. ENGLAND, INC., and WEST BEND MUTUAL INSURANCE COMPANY, <br><br> Defendants. | Case No. __LACL149317__ <br><br><br> **ORIGINAL NOTICE** |

### TO THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the clerk of the above court a Petition at Law naming you as a Defendant in the above-entitled action, a copy of the Petition at Law and Jury Demand is attached hereto. The Plaintiff's attorneys are Nicholas L. Shaull and Nathaniel D. Staudt of Spaulding & Shaull, P.L.C. whose address is 2423 Ingersoll Avenue, Des Moines, Iowa 50312. The attorneys' phone number is (515) 277-6559 and facsimile number is (515) 277-7536.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter, file a motion or answer in the Iowa District Court for Polk County, at the courthouse in Des Moines, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

**CLERK OF THE ABOVE COURT**
Polk County Courthouse
500 Mulberry Street
Des Moines, Iowa 50309

**IMPORTANT:** You are advised to seek legal advice to protect your interests.

E-FILED  2020 DEC 28 9:05 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| MICHAEL THIELEN, | ) | |
| Plaintiff, | ) | LACL149317 |
| | ) | |
| vs. | ) | |
| | ) | APPEARANCE |
| AMANDA SIMMONS, C.R. ENGLAND, INC., | ) | |
| and WEST BEND MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |

The undersigned hereby enters his appearance on behalf Amanda Simmons and C.R.

England, Inc.

/s/ *Philip A. Burian*
PHILIP A. BURIAN          AT0001284
*Simmons Perrine Moyer Bergman PLC*
115 Third Street SE, Suite 1200
Cedar Rapids, Iowa 52401
Ph: (319) 366-7641 / Fax: (319) 366-1917
pburian@spmblaw.com
*ATTORNEYS FOR AMANDA SIMMONS AND C.R.*
*ENGLAND, INC.*

cc:  Via EDMS on December 28, 2020
nick.shaull@sslawplc.com
nate.staudt@sslawplc.com

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MICHAEL THIELEN,<br><br>     Plaintiff,<br><br>vs.<br><br>AMANDA SIMMONS, C.R. ENGLAND, INC., and WEST BEND MUTUAL INSURANCE COMPANY,<br><br>     Defendants. | NO. LACL149317<br><br>**DEFENDANT WEST BEND MUTUAL INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSE AND JURY DEMAND** |

**COMES NOW,** the Defendant, West Bend Mutual Insurance Company, and for its Answer to the Plaintiff's Petition states:

## PARTIES, VENUE, AND JURISDICTION

1.    The Defendant herein admits the allegations contained in Paragraph 1.

2.    The Defendant herein denies the allegations contained in Paragraph 2 for lack of information.

3.    The Defendant herein denies the allegations contained in Paragraph 3 for lack of information.

4.    The Defendant herein denies the allegations contained in Paragraph 4 for lack of information.

5.    The Defendant herein admits the allegations contained in Paragraph 5.

6.    The Defendant herein admits the allegations contained in Paragraph 6.

7.    The Defendant herein denies the allegations contained in Paragraph 7 for lack of information.

E-FILED  2020 DEC 28 10:09 AM POLK - CLERK OF DISTRICT COURT

## FACTS COMMON TO ALL ACCOUNTS

8.    The Defendant incorporates by reference the allegations contained in all preceding paragraphs of this Answer as if fully set forth herein.

9.    The Defendant herein denies the allegations contained in Paragraph 9 for lack of information.

10.    The Defendant herein denies the allegations contained in Paragraph 10 for lack of information.

11.    The Defendant herein denies the allegations contained in Paragraph 11 for lack of information.

12.    The Defendant herein denies the allegations contained in Paragraph 12 for lack of information.

13.    The Defendant herein denies the allegations contained in Paragraph 13 for lack of information.

14.    The Defendant herein denies the allegations contained in Paragraph 14 for lack of information.

15.    The Defendant herein denies the allegations contained in Paragraph 15 for lack of information.

16.    The Defendant herein denies the allegations contained in Paragraph 16 for lack of information.

17.    The Defendant herein denies the allegations contained in Paragraph 17 for lack of information.

18.     The Defendant herein denies the allegations contained in Paragraph 18 and each subparagraph thereof for lack of information.

19.     The Defendant herein denies the allegations contained in Paragraph 19 for lack of information.

20.     The Defendant herein denies the allegations contained in Paragraph 20 for lack of information.

21.     The Defendant herein denies the allegations contained in Paragraph 21 for lack of information.

22.     The Defendant herein denies the allegations contained in Paragraph 22 for lack of information.

23.     The Defendant herein denies the allegations contained in Paragraph 23 for lack of information.

24.     The Defendant herein denies the allegations contained in Paragraph 24 for lack of information.

25.     The Defendant herein denies the allegations contained in Paragraph 25 for lack of information.

26.     The Defendant herein denies the allegations contained in Paragraph 26 for lack of information.

27.     The Defendant herein denies the allegations contained in Paragraph 27 for lack of information.

28.     The Defendant herein denies the allegations contained in Paragraph 28 for lack of information.

E-FILED  2020 DEC 28 10:09 AM POLK - CLERK OF DISTRICT COURT

29.     The Defendant herein denies the allegations contained in Paragraph 29 for lack of information.

30.     The Defendant herein denies the allegations contained in Paragraph 30 for lack of information.

31.     The Defendant herein denies the allegations contained in Paragraph 31 for lack of information.

32.     The Defendant herein denies the allegations contained in Paragraph 32 for lack of information.

33.     The Defendant herein denies the allegations contained in Paragraph 33 for lack of information.

34.     The Defendant herein denies the allegations contained in Paragraph 34 for lack of information.

35.     The Defendant herein denies the allegations contained in Paragraph 35 for lack of information.

36.     The Defendant herein denies the allegations contained in Paragraph 36 for lack of information.

37.     The Defendant herein denies the allegations contained in Paragraph 37 for lack of information.

38.     The Defendant herein denies the allegations contained in Paragraph 38 for lack of information.

39.     The Defendant herein denies the allegations contained in Paragraph 39 for lack of information.

E-FILED  2020 DEC 28 10:09 AM POLK - CLERK OF DISTRICT COURT

## COUNT I: NEGLIGENCE
### (Against Defendant Simmons)

The Defendant herein makes no response to the allegations contained in Count I of the Plaintiff's Petition in that the Plaintiff does not make any claims against this Defendant in said Count. To the extent any allegations contained in Count I are deemed adverse to this Defendant, said allegations are denied.

## COUNT II: VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
### (Against Defendant C.R. England, Inc.)

The Defendant herein makes no response to the allegations contained in Count II of the Plaintiff's Petition in that the Plaintiff does not make any claims against this Defendant in said Count. To the extent any allegations contained in Count II are deemed adverse to this Defendant, said allegations are denied.

## COUNT III: STATUTORY OWNERSHIP LIABILITY PURSUANT TO IOWA CODE § 321.493
### (Against Defendant C.R. England, Inc.)

The Defendant herein makes no response to the allegations contained in Count III of the Plaintiff's Petition in that the Plaintiff does not make any claims against this Defendant in said Count. To the extent any allegations contained in Count III are deemed adverse to this Defendant, said allegations are denied.

## COUNT IV: UNINSURED/UNDERINSURED (UM/UIM) CLAIM
### (Against Defendant West Bend Mutual Insurance Company)

59. The Defendant incorporates by reference the allegations contained in all preceding paragraphs of this Answer as if fully set forth herein.

60. The Defendant herein admits the allegations contained in Paragraph 60.

61. The Defendant herein admits the allegations contained in Paragraph 61.

62.     The Defendant herein denies the allegations contained in Paragraph 62 for lack of information.

63.     The Defendant herein denies the allegations contained in Paragraph 63 for lack of information.

**WHEREFORE**, the Defendant, West Bend Mutual Insurance Company, prays that the court dismiss the Plaintiff's Petition and assess costs to the Plaintiff.

## AFFIRMATIVE DEFENSE

**COMES NOW** the Defendant, West Bend Mutual Insurance Company, and for its First Affirmative Defense, states that Plaintiff's claims for uninsured and/or underinsured motorist benefits may be precluded or limited by the applicable provisions, terms, definitions, conditions, endorsements, limitations and/or exclusions of said policy.

## JURY DEMAND

**COMES NOW** the Defendant, West Bend Mutual Insurance Company, and hereby demands a trial by jury on all factual issues.

Respectfully submitted,

**LEDERER WESTON CRAIG** PLC.

Kent A. Gummert  AT0003032
4401 Westown Parkway, Suite 212
West Des Moines, Iowa  50266
Telephone:  515-224-3911
Facsimile:  515-224-2698
E-mail:  kgummert@lwclawyers.com

**ATTORNEYS FOR DEFENDANT**
**WEST BEND MUTUAL INSURANCE**
**COMPANY**

6

Original filed.

Copy to:

Nicholas L. Shaull
Nathaniel D. Staudt
SPAULDING & SHAULL, PLC.
2423 Ingersoll Avenue
Des Moines, Iowa  50312
E-mail:  nick.shaull@sslawplc.com
E-mail:  nate.staudt@sslawplc.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing document was
served upon each of the attorneys of record of all parties to the above-
entitled cause herein at their respective addresses disclosed on the
pleadings of record on _December 28 2020_

By: ☐ U.S. Mail        ☒ EDMS      ☐ CM/ECF
    ☐ Hand Delivered   ☐ E-mail    ☐ Other:
    ☐ Overnight Mail   ☐ FAX

Signature: _____

E-FILED  2021 JAN 04 11:03 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MICHAEL THIELEN, <br><br>      Plaintiff, <br><br> vs. <br><br> AMANDA SIMMONS, C.R. ENGLAND, INC., and WEST BEND MUTUAL INSURANCE COMPANY, <br><br>      Defendants. | NO. LACL149317 <br><br> **NOTICE OF SERVING INITIAL DISCLOSURES** |

**COMES NOW,** the Defendant, West Bend Mutual Insurance Company, and hereby states that Defendant served their Initial Disclosures on the 4th day of January, 2021, by serving a copy of the foregoing to:

Nicholas L. Shaull
Nathaniel D. Staudt
SPAULDING & SHAULL, PLC.
2423 Ingersoll Avenue
Des Moines, Iowa  50312
E-mail:  nick.shaull@sslawplc.com
E-mail:  nate.staudt@sslawplc.com
**ATTORNEYS FOR PLAINTIFF**

Respectfully submitted,

**LEDERER WESTON CRAIG PLC**.


*/s/ Kent A. Gummert*
Kent A. Gummert  AT0003032
4401 Westown Parkway, Suite 212
West Des Moines, Iowa  50266
Telephone:  515-224-3911
Facsimile:  515-224-2698
E-mail:  kgummert@lwclawyers.com
**ATTORNEYS FOR DEFENDANT**

E-FILED  2021 JAN 04 11:03 AM POLK - CLERK OF DISTRICT COURT

**WEST BEND MUTUAL INSURANCE COMPANY**

Original filed.

<table>
<tr><td colspan="2" align="center"><u>**CERTIFICATE OF SERVICE**</u></td></tr>
<tr><td colspan="2">The undersigned certifies that the foregoing document was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on January 4, 2021.</td></tr>
<tr><td>By: ☐ U.S. Mail<br>    ☐ Hand Delivered<br>    **X** EDMS<br>    ☐ Other:  E-mail</td><td>☐ FAX<br>☐ Overnight Mail<br>☐ CM/ECF</td></tr>
<tr><td colspan="2">Signature:  <u>/s/ Tiffany O'Neal</u></td></tr>
</table>